IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARTIN K. EBY CONSTRUCTION
COMPANY, INC.,**

        **Plaintiff,**

-vs-                                                  Case No.  08-1250-WEB-DWB
                                                              (Consolidated with Case No.
                                                                08-2392-WEB-DWB)

**ONE BEACON INSURANCE COMPANY
        Defendants.**

MEMORANDUM AND ORDER

    By Order filed February 27, 2009, the above cases were consolidated, with Case No. 08-1250-WEB being designated as the lead case, and with all further filings to be made in the lead case. (Doc. 16.)  Prior to this consolidation, there was a pending motion by Travelers Casualty and Surety Company, United States Fidelity & Guaranty Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company[1] in Case No. 08-2392 for leave to add

---

[1] Athena's position in this case is unusual.  It was not named in the complaint or amended complaint in Case No. 08-2392.  (08-2392, Doc's 1, 10.)  Likewise, no summons was issued to Athena.  Instead, when defense counsel entered an appearance for other defendants (Travelers, USF&G and St. Paul), Athena was included with the notation "(incorrectly sued as St. Paul Fire and Marine Insurance Company)."  (08-2392, Doc. 17.)  On that same date, an answer to the amended complaint and cross-claim was filed by four insurance companies -- defendants Travelers, USF&G and St. Paul, and by Athena, who again stated that it had been incorrectly sued as St. Paul.  (08-2392, Doc. 19.)  Because Athena had not been named as a party in any complaint, it was not technically a party to the case and should not have been allowed to file a cross-claim in the case.  The next day, Athena filed a corporate disclosure statement which contained the same parenthetical notation that it had been wrongfully sued as St. Paul, and which identified Athena as a wholly-owned subsidiary of St. Paul, which, in turn, was a wholly-owned subsidiary of one of the Travelers companies.  (08-2392, Doc. 23.)  The court will treat Athena's unorthodox

Kellogg, Brown & Root, LLC (KBR) as a defendant and for leave to file a second amended cross-claim stating claims against KBR. (08-2392, Doc's 56, 57.) The court notes that no response was filed by any of the parties in Case No. 08-2392, and the time for filing any responses has expired. D. Kan. Rule 6.1(d)(1). The court has inquired of the parties in that case if there had been any informal extensions of time granted for the filing of responses and no one has made any such claim. Accordingly, the motion could normally be treated as an uncontested motion pursuant to D. Kan. Rule 7.4 and granted without further notice. However, due to the nature of the motion, the court will examine the arguments and authorities cited and will rule on the merits of the motion.

A.    *Rule 19(a) -- Necessary Party Issue.*

The court finds that the moving parties have not established that KBR is a necessary party that should be joined in this case pursuant to Fed. R. Civ. P. 19(a). The Traveler's insurance policy is alleged to have a single limit of liability against which both Eby and KBR have made claims or demands. Both claims arise out of the same underlying transaction or occurrence -- the lawsuit brought by Celanese Corporation in the U.S. District Court for the Southern District of Texas, Houston Division. Therefore, the moving parties argue that if this case is resolved in favor of Eby, and without KBR as a party, this may, as a practical matter, impair or impede KBR's ability to protect its interests if Eby's claim exhausts the entire available limit of insurance. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). However, KBR clearly could

---

entry into the case as if Athena had voluntarily sought leave to intervene and that leave had been granted. If there is any dispute about the validity of Athena's presence in this case as a party, that dispute should be resolved by either an amended complaint naming Athena as a party, or by a motion seeking to add Athena as a party defendant.

institute its own separate action against the insurance companies to determine if coverage exists for it under those policies. As such, the court cannot conclude that KBR's interests will be impaired or impeded if it is not joined as a party in the present consolidated cases.

Travelers also argues that it may face the prospect of inconsistent obligations if KBR is not joined in this case and if their policy limits were to be exhausted in the event the court orders it to indemnify Eby. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). However, Travelers does not explain how it could be subjected to multiple obligations even if KBR were to institute a separate suit seeking coverage under the policies. If the present suit went to judgment in favor of Eby, and if Eby exhausted all coverage under the subject policies, that issue could certainly be raised as a defense in any separate suit KBR might bring against these insurers. Thus, while technically possible, the court does not find that there is a "substantial risk" that the insurers will face multiple or inconsistent obligations if KBR is not joined in this action.

Even if the court were convinced that KBR's interest might be impaired by failing to join it in the present case, or that the insurers were subject to multiple or inconsistent obligations if KBR were not joined, other problems exist with the application of Rule 19(a). The moving parties must also establish (1) that KBR is subject to service of process and (2) that joinder of KBR will not deprive the court of subject-matter jurisdiction. The first issue does not appear to be a problem in this case. The court finds that the moving parties have established that KBR is subject to service of process in Kansas. The moving parties have attached documentation that shows that KBR is a limited liability company that has active standing in Kansas and has appointed an agent for service of process in Kansas. (08-2392, Doc. 57 at 8 and Ex. 5.)

The second issue, however, may present a problem. The moving parties argue that KBR is a limited liability company organized under the laws of Delaware with a principal place of business in Houston, Texas. (08-2392, Doc. 57, Ex. 5; Doc. 56, Ex. A at 41, ¶ 11.) Therefore, the moving parties assess any jurisdictional disputes as if KBR were a corporation, where its dual citizenship is determined by both its place of organization and also by its principal place of business. If this were true, the court agrees that there appears to be complete diversity if KBR were joined as a party in this case.

Rule 19(a)(2) states that if a person has not been joined as required, and if that person refuses to join as a plaintiff, the person may be made a defendant. If KBR were joined as a defendant in both of these consolidated cases, there would still be complete diversity between any of the named plaintiffs and KBR if KBR's citizenship were treated the same as if KBR were a corporation, because it would be both a citizen of Delaware and Texas. In Case No. 08-1250, Eby is the plaintiff and is a corporation organized and existing under the laws of Kansas, with its principal place of business in Kansas. (Doc. 2 at ¶ 1.) In Case No. 08-2392, the three named plaintiffs -- Continental, National Fire and Columbia -- are all Illinois corporations with their principal places of business in Illinois. (08-2392, Doc. 10 at ¶¶ 4-6.) Therefore complete diversity of citizenship would not be destroyed by joining KBR if KBR is a citizen of Delaware and Texas.

The court has also considered the possibility that KBR's interests, for purposes of considering diversity of citizenship, might be argued to be more in line with Eby than with the insurance defendants. See 7 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 1605 at 70 ("In the usual situation an absentee who is joined as a defendant under

the third sentence of Rule 19(a) will have the same interest in the dispute as the original plaintiff and should be aligned with plaintiff for diversity purposes")(footnote omitted); Symes v. Harris, 472 F.3d 754, 761 (10th Cir. 2006) (when determining whether diversity jurisdiction exists, courts are not bound by the party alignment set forth in the pleadings and should look beyond these formalities and attempt to determine the parties' actual interests).  Even if KBR is aligned as a plaintiff with Eby for purposes of considering diversity, joinder of KBR will not destroy complete diversity in these consolidated cases if it is truly a citizen of both Delaware and Texas. None of the named defendants in either of the two consolidated cases is a citizen of either Delaware or Texas.  See Doc. 2 at ¶ 2 (OneBeacon);   08-2392, Doc. 10 at ¶¶ 7-11 (OneBeacon, Travelers, United States Fidelity & Guaranty, St. Paul Fire and Marine and Eby;  08-2392, Doc. 19 at 39, ¶ 8 (Athena).  Therefore even considering KBR to be in the position of a plaintiff in either of the cases would not destroy diversity jurisdiction if KBR is a citizen of Delaware and Texas.

However, KBR is not alleged to be a corporation, but rather a limited liability company. The issue of how to treat limited liability companies or LLC's for jurisdictional purposes is unsettled.  The Supreme Court has dealt with this issue as to limited partnerships, Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990), by holding that the citizenship of the limited partnership must be considered by reference to the citizenship of all its limited partners.  The Supreme Court has not had the occasion to make a similar ruling as to limited liability companies, but it has noted that courts of appeal have held that the citizenship of each member of an LLC count for diversity purposes.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 586 n. 1 (2004) (5-4 decision) (Ginsburg, J., dissenting) (*citing* GMAC Commercial

Credit LLC v. Dillard Dept. Stores, 357 F.3d 827, 829 (8th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). Courts in this district have followed the rule that the citizenship of an LLC must consider the citizen of each member of the LLC. *See* Birdsong v. Westglen Endoscopy Center, L.L.C., 176 F.Supp.2d 1245, 1248 (D. Kan. 2001); Tilzer v. Davis, Bethune & Jones, LLC, No. 03-2661-JWL, 2004 WL 825829 at * 2 (D. Kan., Apr. 15, 2004); Friess v. Quest Cherokee, LLC, No. 06-2573-KHV, 2007 WL 473729 at * 1 (D. Kan., Feb. 9, 2007). In Friess, Judge Vratil rejected defendant's arguments that the Tenth Circuit had held in Shell Rocky Mtn. Prod. LLC v. Ultra Res., Inc., 415 F.3d 1158 (10th Cir. 2005), that an LLC is a citizen of the state where it is organized and also of the state of its principal place of business, concluding that the language cited by defendant was only *dicta* and had not been subsequently cited by the Tenth Circuit for such a proposition. 2007 WL 473729 at * 1.

In this case, the moving parties have not included any allegation or supporting evidence as to who are members of the KBR limited liability company, and no allegation or supporting evidence as to the citizenship of any such members. Lacking this critical information, the court cannot conclude that joinder of KBR will not destroy the court's diversity jurisdiction. Therefore, the court finds that the moving parties have failed to establish that the requirements of Fed. R. Civ. P 19(a) have been (or can be) met, and therefore Kellogg, Brown & Root, LLC should not be joined as a necessary party in this case under Fed. R. Civ. P. 19(a). Where the court concludes that a party is not necessary under Rule 19(a), it cannot be an indispensable party, and therefore the court need not consider Rule 19(b). Salt Lake Tribune Pub. Co., 320 F.3d 1081, 1098 (10th Cir. 2003).

*B.     Rule 20 -- Permissive party issue.*

The moving parties argue alternatively that KBR can be joined as a permissive party under Fed. R. Civ. P. 20.  (08-2392, Doc. 57 at 8-9.)  The court agrees.  In Case No. 08-2392, the insurance plaintiffs claim that their policies of insurance do not provide coverage to the named insured, Eby, for events arising out of the underlying suit brought in Texas by Celanese, and, as to certain of the plaintiffs, have alternatively allege that if there is any coverage it is excess to other policies or that they are to be allocated over years of coverage with policies of OneBeacon, Travelers, USF&G and St. Paul.  (08-2392, Doc. 10 at 24-25.)  KBR has claimed in demand letters, that it is an additional insured on some of the policies of Travelers (formerly Aetna), St. Paul and USF&G.  (08-2392, Doc. 57, Ex's 3 & 4.)  Therefore, as a prospective defendant in the case, KBR faces claims of relief asserted by other defendants arising out of a single occurrence, and there are questions of law and fact in common to the parties.  As such, KBR can be joined as a defendant[2] under the provisions of Fed. R. Civ. P. 20.[3]

---

[2] It may well be that after joinder of KBR, the parties may need to be realigned since it appears that KBR's claims that it is an additional insured under the policies appears more closely aligned with Eby's claims that the policies provide coverage to it.

[3] While the court continues to have concerns about KBR's citizenship and whether its joinder might cause a lack of complete diversity, that problem could be solved by subsequently dismissing only KBR if that problem ultimately develops.  *See* Weber v. GE Group Life Assur. Co., 541 F.3d 1002, 1009 n. 8 (10th Cir. 2008) (noting that under Rule 21, a district court has the authority to allow a dispensable nondiverse party to be dropped at any time as a means of preserving diversity).  *See also* Salt Lake Tribune Pub. Co., 320 F.3d 1081, 1094-98 (10th Cir. 2003) (holding that a subsequently joined party that is not a necessary and indispensable party under Rule 19, does not cause the court to lose subject matter jurisdiction).  Thus, if is subsequently determined that KBR's joinder would destroy complete diversity, whether KBR is aligned as a plaintiff or defendant after it is joined, the court can resolve that issue by later dismissing KBR as a party under Rule 21 without dismissing the entire action because KBR is considered only a dispensable party.

Counsel for the moving parties (Travelers, USF&G, St. Paul and Athena) shall cause summons to be issued in these consolidated cases and have such summons properly served on Kellogg, Brown & Root, LLC. The motion of those parties for leave to file a second amended cross-claim stating claims against KBR is also granted, and such pleading, in the form attached to the motion, shall be filed not later than **March 24, 2009.**

**IT IS SO ORDERED.**

Dated on this 10th day of March, 2009, at Wichita, Kansas.

    s/   DONALD W. BOSTWICK
        Donald W. Bostwick
        U.S. Magistrate Judge