IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-1250-WEB-DWB<br>) (Consolidated with Case<br>) No. 08-2392-WEB-DWB)<br>) |
| ONEBEACON INSURANCE COMPANY, et. al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is a motion (Doc. 42) by Defendant Kellogg Brown & Root LLC ("KBR") seeking an order requiring immediate mediation of KBR's indemnity claim against Defendant Eby Construction Company, Inc. ("Eby"). Responses have been filed by Eby (Doc. 46), Defendant OneBeacon Insurance Company (Doc. 45), and Defendant Travelers Casualty and Surety Company, et. al., (Doc. 47), all of whom oppose the request for immediate mediation of the indemnity claim. KBR has filed a reply (Doc. 49), and the court is prepared to rule.

KBR argues that all of the facts necessary to determine Eby's indemnity obligation have been decided in the underlying *Celanese* case, no further discovery

is necessary, and there remains only an issue of law for the Court to decide. (Doc. 42 at 5-6). For this reason, KBR argues that the indemnity dispute should be separated from the coverage dispute and mediated immediately. (*Id.* at 6).

The Court has the authority pursuant to D. Kan. Rule 16.3(a) and 28 U.S.C. § 652 to require litigants in civil cases to consider the use of the ADR process which includes mediation. In this district, mediation has been used in civil cases since 1984. However, the Court is unaware of any case where the Court has mandated mediation of only a part of a case or a discrete issue in a case. Also, while the purpose of the ADR process is to attempt an earlier resolution of disputes, the Court is well aware of the fact that forcing mediation at an early stage over the objection of some of the parties to a case is often not only futile, but also results in additional costs for all parties.

In the present case, even assuming that KBR is correct in asserting that the indemnity dispute is a discrete issue that is subject to early resolution without any discovery, it appears that more appropriate method of resolution would be a motion for summary judgment by KBR pursuant to Fed. R. Civ. P. 56 and D. Kan. Rule 56.1. If that procedure were followed, the other parties who have opposed early mediation would be entitled to attempt to demonstrate their allegations that additional discovery is necessary on the indemnity issue and/or on the

reasonableness of the fees and expenses for which KBR seeks indemnification. In order to do so, the opposing parties would be required to invoke the provisions of Fed. R. Civ. P. 56(f) and set out in detail, and by affidavit, the alleged discovery that would be necessary in order to resolve the indemnity dispute.

After considering all of the arguments by the parties, the Court denies KBR's motion for an early mediation of the indemnity dispute portion of this case. KBR is free to seek an early determination of the indemnity dispute by other means such as a dispositive motion. In light of the positions of the other parties in this case, it does not appear to the Court that the requested early mediation would be a faster or less expensive method of resolution, and it also appears that forcing such an early mediation at this time would be futile. The parties are encouraged, however, to conduct an early mediation of <u>all</u> the issues in this case and to complete, as soon as possible, any specific discovery which they believe is necessary to enable all parties to proceed to such a mediation conference.

IT IS SO ORDERED.

Dated this 16th day of October, 2009.

   s/ DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE