IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARTIN K. EBY CONSTRUCTION COMPANY, INC.,**

      **Plaintiff,**

-vs-                                           Case No. 08-1250-WEB-DWB
                                              (Consolidated with Case No.
                                                08-2392-WEB-DWB)

**ONE BEACON INSURANCE COMPANY**
      **Defendants.**

MEMORANDUM AND ORDER

Presently before the Court is a motion by Continental Casualty Company, National Fire Insurance Company of Hartford and Columbia Casualty Company seeking to join Valley Forge Insurance Company (Valley Forge) as a Plaintiff in their case, Case No. 08-2392-WEB,[1] and for leave to file a Second Amended Complaint for Declaratory Judgment (Doc. 64), together with a supporting memorandum. (Doc. 65.) No responses or objections have been filed and the time for filing the same has expired. Accordingly, the motion could normally be treated as an uncontested motion pursuant to D. Kan. Rule 7.4 and granted without further notice. However, due to the nature of the motion, the court will examine the arguments and authorities cited and will rule on the merits of the motion.

*A.    Rule 19(a) -- Necessary Party Issue.*

---

[1] By Order filed February 27, 2009, the above cases were consolidated, with Case No. 08-1250-WEB being designated as the lead case, and with all further filings to be made in the lead case. (Doc. 16.) The moving parties are plaintiffs in Case No. 08-2392-WEB.

-1-

The court finds that the moving parties have not established that Valley Forge is a necessary party that should be joined in this case pursuant to Fed. R. Civ. P. 19(a). Among other requirements, the moving parties must establish (1) that Valley Forge is subject to service of process and (2) that joinder of Valley Forge will not deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). The first issue does not appear to be a problem in this case. The second issue, however, does appear to present a problem.

In arguing for joinder under Rule 19, the moving parties allege that "joinder [of Valley Forge] will not deprive the Court of jurisdiction over the subject matter of this action." (Doc. 65 at ¶ 20.) However, the proposed Second Amended Complaint which is attached to the motion suggests otherwise. The proposed Second Amended Complaint states that the Court's jurisdiction is based on diversity of citizenship under 18 U.S.C. § 1332. A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 18 U.S.C. § 1332(c)(1). In the proposed Second Amended Complaint, the plaintiffs allege:

> 5. Plaintiff Valley Forge is Pennsylvania corporation and which has its principal place of business in the state of Illinois.
>
> 6. Defendant OneBeacon, as successor to Commercial Union Insurance Company and American Employers Insurance Company, is a Pennsylvania corporation and which has its principal place of business in the state of Massachusetts.

(Doc. 64-1 at ¶¶ 5-6) (emphasis added). Therefore, if the allegations concerning Valley Forge's place of incorporation are accepted as true, there would not be complete diversity of citizenship between all plaintiffs and all defendants, and the Court would therefore not have subject matter jurisdiction.

Fed. R. Civ. P. 19(a)(2) provides that if a person refuses to join as a plaintiff it may be made . . . a defendant." This provision, however, is also of no help in assessing the court's jurisdiction if the motion to join Valley Forge was granted and the proposed Second Amended Complaint was allowed to be filed. If Valley Forge refused to join as a plaintiff and was joined as a defendant under Rule 19(a)(2), there still would not be complete diversity of citizenship between all plaintiffs and all defendants since Valley Forge's principal place of business is Illinois, and all three named plaintiffs are Illinois corporations.[2]

## B.    *Rule 20 -- Permissive party issue.*

The moving parties argue alternatively that Valley Forge can be joined as a permissive party under Fed. R. Civ. P. 20. The court agrees, although somewhat reluctantly.

As noted above, joinder of Valley Forge in Case No. 08-2392-WEB would destroy complete diversity of citizenship between all plaintiffs and all defendants. However, there are situations where a <u>subsequent</u> joinder of a party whose presence would have defeated jurisdiction had that party been sued initially, will not defeat the Court's subject matter jurisdiction. <u>Salt Lake Tribune Pub. Co., v. AT&T Corp.,</u> 320 F.3d 1081, 1094-98 (10th Cir. 2003).

In <u>Salt Lake Tribune</u>, Deseret News sought to intervene in the pending case and there were also motions to join Deseret News. The original parties in the case were completely

---

[2] Even if the motion to join Valley Forge as a party plaintiff had been made in the Eby case, Case No. 08-1250-WEB, this would still present jurisdiction issues since Valley Forge and defendant OneBeacon are both Pennsylvania corporations. If such a motion were made in the Eby case, and if Valley Forge refused to join as a plaintiff in that case, the court could then consider whether Valley Forge should be joined in that case as a defendant pursuant to Fed.RCiv.P. 19(a))(2). Joinder of Valley Forge as a defendant in the Eby case, 08-1250-WEB, would not appear to present jurisdiction issues since there would be complete diversity between plaintiff Eby and all defendants, including Valley Forge.

diverse, however the joinder of Deseret News would destroy that complete diversity since it was a citizen of the same state as plaintiff.  The Tenth Circuit concluded, however, that the joinder of Deseret News would not cause the court to lose subject matter jurisdiction, and discussed the general rules concerning diversity of citizenship as to later-joined parties:

> The issue before us, therefore, is whether the joinder of Deseret News destroyed the district court's subject matter jurisdiction over the case. It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Moreover, "[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam). However, diversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced. *Harris v. Ill.-Cal. Express, Inc.,* 687 F.2d 1361, 1367 (10th Cir.1982) ("Once jurisdiction is grounded in diversity, it is not lost by the intervention ... of a party whose presence in the action is not indispensable ...."); *Am. Nat'l Bank & Trust Co. v. Bailey,* 750 F.2d 577, 582 (7th Cir.1984) ("[T]he rule that there must be complete diversity to sustain diversity jurisdiction is not absolute.... [I]f the nondiverse party comes into the case by intervening in it, his presence will not deprive the court of jurisdiction unless the intervenor was an indispensable party when the complaint was filed."); *cf. Burka v. Aetna Life Ins. Co.,* 87 F.3d 478, 482-83 (D.C.Cir.1996) ("[A] Rule 25(c) addition of a non-diverse party may destroy diversity jurisdiction ... if the added party was *indispensable at the time the action began.*"). There is no question that Deseret News was a nondiverse party when it joined the case. Thus, the crux of this jurisdictional issue is whether Deseret News was indispensable at the time the original complaint was filed.

320 F.3d at 1095-96.  After considering the facts of the case, the Tenth Circuit concluded that Deseret News was not a necessary or indispensable party under Rule 19, and it held that the joinder would not divest the court of subject matter jurisdiction.  320 F.3d at 1098.

Applying the reasoning of <u>Salt Lake Tribune</u>, if Valley Forge is not truly a necessary party under Fed. R. Civ. P. 19, then its joinder at this time would not cause the Court to lose subject matter jurisdiction. While the moving parties have alleged that Valley Forge is a necessary party under Rule 19 (Doc. 65 at ¶¶ 18-20), their argument for that proposition is conclusory in nature and is less than clear.[3] Although Valley Forge issued a policy of insurance to Eby, as did other parties in the case, the moving parties have not factually established that in the absence of Valley Forge the court cannot afford complete relief among the existing parties. Nor have they factually established that in disposing of this action in Valley Forge's absence, there will be an impairment of Valley Forge's ability to protect its interest, or that Valley Forge's absence will leave an existing party subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a).

Because the moving parties have failed to meet their burden of showing that Valley Forge was a necessary party to the action at the time it was initially filed, the Court concludes that the joinder of Valley Forge pursuant to the provisions of Fed. R. Civ. P. 20(a) will not cause the Court to lose subject matter jurisdiction. Since it appears that questions of law or fact that are common to all plaintiffs (including Valley Forge) will arise in this action, permissive joinder under Fed. R. Civ. P. 20(a)(1)(B) is therefore appropriate.

For the above reasons, the motion to join Valley Forge as a party plaintiff in Case No. 08-2392-WEB pursuant to Fed. R. Civ. P. 19 is hereby **DENIED,** and the motion to join Valley

---

[3] The parties' arguments about whether Valley Forge is a necessary party under Rule 19 are not determinative or binding on the court. *See e.g.,* <u>Salt Lake Tribute</u>, 320 F.3d at 1098.

Forge as a party plaintiff in Case No. 08-2392-WEB pursuant to Fed.R.Civ.P. 20 is hereby **GRANTED**.

The motion for leave to file a Second Amended Complaint in Case No. 08-2392-WEB is also **GRANTED**. Counsel for the moving parties shall file the Second Amended Complaint in the form attached to the motion within ten (10) days from the date of this Memorandum and Order, and shall also cause summons to be issued and properly served on Valley Forge Insurance Company.

**IT IS SO ORDERED.**

Dated on this 23rd day of November, 2009, at Wichita, Kansas.

    s/ DONALD W. BOSTWICK
    Donald W. Bostwick
    U.S. Magistrate Judge