IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 08-1250-WEB-KGG |
| ONEBEACON INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, and COLUMBIA CASUALTY COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 08-CV-2392-CM |
| ONEBEACON INSURANCE COMPANY, Successor in interest to COMMERCIAL UNION INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY as successor to AETNA CASUALTY & SURETY COMPANY; UNITED STATES FIDELITY & GUARANTY COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

BRIEF IN SUPPORT OF MOTION TO DEFER

This brief is offered by defendant Martin K Eby Construction Company, Inc. ("Eby") in support of its motion to defer ruling on KBR's Motion for Summary Judgment (Doc. 133). This motion seeks an extension on Eby's obligation to respond to KBR's brief until seven days after the production of Eby's expert disclosures, specifically until November 21, 2011. Eby files this motion only after unsuccessful attempts to negotiate the relief sought with KBR. Pursuant to Rule 56(d), an affidavit from the undersigned is attached to this brief as Exhibit A.

### *Procedural Background*

On June 28, 2011, Judge Gale entered a first amended scheduling order which provides that KBR's expert disclosures are due by October 14, 2011. Eby assumes that the affidavit from Nick Badgerow attached to the motion for summary judgment will be KBR's expert report. Consequently, Eby's retained expert is in the process of preparing his disclosures–which are not due until November 14th. Discovery in the case closes on December 16, 2011.

On August 19, 2011, KBR filed a motion for summary judgment claiming that it had suffered damages by Eby's refusal to indemnify it for attorney fees incurred in the Celanese lawsuit. It alleges that it incurred $2,064,866.56 in fees and expenses in the Celanese lawsuit, and that it has already incurred $254,452.84 in this indemnification action. It claims that these fees were reasonable and seeks summary judgment on the reasonableness of these fees. Accompanying the motion was an expert report from Mr.

Badgerow in which he opines that the sums expended were fair and reasonable.

Eby, of course, intends to comply with all deadlines established by the Court.  Its expert disclosures are not due, however, for two months.  These disclosures are essential to Eby's defense on KBR's damage claim and will provide the evidence necessary to rebut the expert report relied upon by KBR.

### *Motions to Defer Under FRCP 56(d)*

FRCP protects parties from premature motions for summary judgment.  FRCP 56(d)[1] provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)   defer considering the motion or deny it;
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
> (3)   issue any other appropriate order.

As the Tenth Circuit has noted, the Supreme Court has suggested that summary judgment should be refused where the nonmoving party has not has the opportunity to discover information that is essential to his opposition.  *King Airway Company v. Rosenthal*, 1997 U.S.App LEXIS 7622 (10th Cir 1997).  Similarly, it has been suggested that, because the purpose of Rule 56(d) "is to provide an additional safeguard against an improvident or premature grant of summary judgment," the rule "should be applied with a spirit of liberality" and "technical ruling have no place under this subdivision." 10B

---

[1] Formerly 56(f) until it was amended on December 1, 2010

Charles A. Wright et al., *Federal Practice and Procedure*: Civil 3d § 2740, at 402 (1998).

In this case, KBR apparently concluded that it would be tactically served to seek summary judgment after filing its expert disclosures. There is nothing in the rules of civil procedure to stop it from seeking whatever advantage it might gain from this procedure. However, Rule 56(d) protects nonmovants from being confronted with an expert report and a motion for summary judgment at the same time.

As Judge Crow has noted in an analysis of motions under FRCP 56(d):

> Unless dilatory or lacking in merit, the motion should be liberally treated." James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* P 56.24 (1988). A prerequisite to granting relief, however, is an affidavit furnished by the nonmovant. *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 832 (10th Cir. 1986). Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2740 at 530 (1983). This includes identifying the probable facts not available and what steps have been taken to obtain these facts. See 6 *Moore's Federal Practice* P 56.24. In this circuit, the nonmovant also must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *See Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 537 (10th Cir. 1987); *Patty Precision,* 742 F.2d at 1264.

*See, Kansas ex rel Secretary of SRS v. Shalala*, 859 F. Supp. 484, 489 (D. Kan 1994)

### *Application of FRCP 56(d) to the Instant Case*

This is not the usual case of a party failing to conduct discovery and needing more time to respond to a motion for summary judgment after discovery deadline. In this case, KBR has sought summary judgment on the issue of the reasonableness of its attorney

fees. KBR has the burden of proof on this issue and it is one that requires testimony. It has submitted a motion for summary judgment with an affidavit from its expert that the fees were reasonable. KBR arguably has until October 14, 2011 to amend or change that report to comply with its expert deadline. Eby will then have to respond with an expert report to the contrary or KBR will prevail on this narrow issue. As noted above, however, Eby's deadline for expert disclosures is not until November 14, 2011.

As the attached affidavit of counsel states, it appears that the laboring oar in the underlying action was pulled by Eby. Jack Brock, counsel for Eby in the underlying action, has opined that his firm was the lead on the great majority of witnesses and for the trial as a whole. In spite of this, the fees paid by KBR in both the underlying action, and in this case, appear to be multiples of the fees paid for the defense of Eby.

The reasonableness of attorney fees is generally a question of fact. *In re: Cascade Oil,* 126 B.R. 99 (D. Kan 1991). KBR obviously hopes that the Court will rule on the issue before Eby can get a report from an expert controverting the allegation of reasonableness asserted by KBR.

Eby is unfamiliar with the practice of a party with the burden[2] submitting an expert report and immediately moving for summary judgment. The centerpiece of the motion is an affidavit from KBR's expert that the $2.3 million that KBR alleges it has spent in attorney fees in the underlying case and this indemnification action was both reasonable

---

[2]Usually the plaintiff, but not in this case because of the nature of claims beings submitted in the joined cases.

and necessary.  Fairness requires that Eby be allowed to utilize the expert deadline established by Judge Gale to controvert the motion.

WHEREFORE, Eby asks that the Court defer Eby's response to KBR's Motion for Summary Judgment until November 21, 2011 to permit Eby to rebut the expert report submitted by KBR in support of its motion.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC


s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: randy@depewgillen.com
*Attorneys for Eby Construction*


CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2011, a true and correct copy of the above and foregoing **Martin K. Eby Construction Company, Inc.'s Brief in Support of Motion to Defer** was filed electronically and notice sent to:

Alicia J. Barton
Kevin M. Murphy
Colliau Elenius Murphy Carluccio Keener &
Morrow

6

Plaza of the Americas
600 North Pearl Street, Suite 1400
Dallas, TX 75201

Daniel N. Allmayer
Allmayer & Associates PC
1401 Bryant Building
1102 Grand Boulevard
Kansas City, MO 64106
*Attorneys for Plaintiffs Continental Casualty*
*Company, National Fire Insurance Company*
*of Hartford and Columbia Casualty Company*

Bradley J. Baumgart
Larry D. Fields
Andrew C. Hronek
Kutak Rock LLP
1010 Grand Boulevard, Suite 500
Kansas City, MO 64106
*Attorneys for Defendant OneBeacon Insurance Company*

Robin Stewart
Sonnenschein Nath & Rosenthal LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

Donna J. Vobornik
Geoffrey J. Repo
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago IL 60606
*Attorneys for Defendant/Cross-Plaintiffs*
*Travelers Casualty and Surety Company,*
*United States Fidelity and Guaranty*
*Company, St. Paul Fire and Marine*
*Insurance Company and Athena Assurance Company*


David M. Rapp
 Hinkle Elkouri Law Firm LLC
301 N. Main, Suite 2000
Wichita, KS 67202-4820

7

Neil Kenton Alexander
Cynthia A. Holub
Heather K. Hatfield
Porter & Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
*Attorneys for Plaintiff Kellogg Brown & Root LLC*

Mikel L. Stout
Jeffrey A. Jordan
Stephen M. Kerwick
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
*Attorneys for Defendant/Cross-Claimant*
*Martin K. Eby Construction Company*

                                        s/Randall K. Rathbun
                                        Randall K. Rathbun #09765