**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-1250-WEB |
| ONEBEACON INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, and COLUMBIA CASUALTY COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 08-CV-2392-CM |
| ONEBEACON INSURANCE COMPANY, Successor in interest to COMMERCIAL UNION INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY as successor to AETNA CASUALTY & SURETY COMPANY; UNITED STATES FIDELITY & GUARANTY COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and MARTIN K. EBY CONSTRUCTION COMPANY INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**KELLOGG BROWN & ROOT LLC'S RESPONSE TO
MARTIN K. EBY CONSTRUCTION COMPANY'S MOTION TO DEFER**

Defendant Kellogg Brown & Root LLC ("KBR") files this Response to Martin K. Eby Construction Company, Inc.'s Motion to Defer (Doc.140) and Brief in Support of Motion to

2516859v2

Defer (Doc. 141) and shows the Court as follows:

## I.
## Summary of Response

Since February 22, 2011, the only remaining issue between Eby and KBR has been the reasonableness of the attorneys' fees and litigation expenses KBR incurred in the underlying *Celanese* suit and in this case. Eby's assertion that it has had inadequate time to respond to KBR's Motion for Summary Judgment [Doc. 133] filed August 19, 2011, on these remaining issues is without foundation. Even before Eby filed this lawsuit, Eby already knew exactly what work was required to defend the underlying *Celanese* suit, because Eby was a party in that case. Eby's counsel worked side-by-side with KBR's counsel in that case, in which Eby and its insurers declined to provide KBR with a defense, despite Eby's clear contractual obligation to do so. Eby has had all of the invoices for work performed in the underlying *Celanese* suit for two years, since September 28, 2009. Eby, which filed this lawsuit, obviously understands the work required in this case.

These undisputed facts show that Eby's Motion to Defer is just another effort to delay the day of final judgment. Under these facts, Eby has failed to show any reason why it should be entitled to postpone its response to KBR's motion until after the last day on which it may designate expert witnesses, 13 weeks after KBR filed its motion.

Eby's Motion to Defer should be denied because Eby has failed to (1) provide an affidavit identifying any unavailable facts Eby needs to respond to KBR's Motion for Summary Judgment, or (2) explain why Eby has been (or will be) unable to take a position on the reasonableness of KBR's attorneys fees over two and a half years after Eby filed this lawsuit, two years after the underlying invoices were produced, seven months after this Court ordered

that Eby was responsible for KBR's fees and expenses in the underlying case and this case, and at this writing, six weeks after KBR's Motion for Summary Judgment was filed.[1]

## II.
## Certificate of Conference

While Eby correctly advises the Court that KBR and Eby unsuccessfully attempted to negotiate an extension to Eby's response date, Eby failed to advise that: (1) KBR agreed to give Eby an additional three weeks in which to file a response, until September 30, 2011; and (2) Eby advised KBR's counsel that it could have a response prepared by October 21, 2011. The October 21, 2011 date was unacceptable to KBR in that mediation is scheduled for October 28, 2011 and KBR needs sufficient time to understand Eby's position in this case prior to mediation.

## III.
## Procedural Background

The following events demonstrate the length of time Eby has known facts necessary for it to respond to KBR's Motion for Summary Judgment:

- January 15, 2007:  Eby served with process in the underlying *Celanese* case.

- August 13, 2008:  Eby files this lawsuit.

- April 13, 2009:  Final judgment entered in *Celanese* case.

- September 28, 2009:  KBR produced all invoices for the underlying *Celanese* case to Eby.

- February 22, 2011:  This Court granted partial summary judgment holding Eby is responsible for KBR's "attorney's fees and litigation expenses in the underlying lawsuit" and "attorney's fees, expenses and costs related to the litigation of this claim." (Doc. 119 at pp. 18-19)

- April 26, 2011:  KBR asks Eby whether it will contest the amount of fees

---

[1] KBR's Motion for Summary Judgment on damages was filed August 19, 2011 (Doc. 133). Mediation is scheduled for October 28, 2011, ten weeks after the date KBR filed its Motion for Summary Judgment on damages.

          and expenses owed.

- April 27, 2011:    KBR produced all invoices in this lawsuit for time and expenses through March 2011.

- August 19, 2011:    KBR filed its Motion for Summary Judgment on damages (Doc. 140) (including evidence of fees and expenses in this case through July 31, 2011).

## IV.
### Eby Has Failed to Explain Why It
### Cannot Respond to KBR's Motion for Summary Judgment

Eby had all the information it needs to respond to KBR's Motion even before KBR filed its motion. Notably, Eby does not request any further discovery from KBR. Eby instead insists that it should be allowed to wait until one week after its last possible day to designate an expert witness to prepare a response to Mr. Badgerow's affidavit supporting KBR's Motion. This excuse is insufficient to grant Eby the relief sought for numerous reasons.

First, Eby has had all of the information that it needs to develop facts in dispute of KBR's motion *for several years*. KBR produced all of the records regarding its fees and expenses in the underlying case *two years ago.* Moreover, Eby is acquainted with the work performed in the underlying case because Eby was a party to that case and its own counsel conducted a joint defense along with KBR's counsel, sharing expenses.

Second, seven months ago, this Court ruled that Eby is responsible for KBR's "attorney's fees and litigation expenses in the underlying lawsuit" and "attorney's fees, expenses and costs related to the litigation of this claim." (Doc. 119 at pp. 18-19). Since that time, the only issue between KBR and Eby has been the amount of fees and expenses Eby owes KBR. This dispute does not deal with complicated scientific or technical issues. Seven months is more than ample time for Eby to develop facts to dispute the reasonableness of KBR's fees and expenses. Indeed,

on April 27, 2011, KBR asked Eby whether it would contest the reasonableness of KBR's fees and expenses. After quite some time, Eby advised that it would not stipulate as to the reasonableness of KBR's fees and expenses. Eby has failed to demonstrate why the information it had in April of 2011 is insufficient to allow it to respond to KBR's motion.

Third, KBR's Motion has been on file since August 19, 2011. Six weeks (the response time plus the extension KBR offered Eby) provided sufficient time for Eby to prepare a response, including retaining an expert if Eby thought it necessary. Contrary to Eby's suggestion, a response to KBR's Motion for Summary Judgment would not preclude Eby from later furnishing additional or revised expert reports on November 14, 2011.

As Eby admits, a prerequisite to the relief it requests is an affidavit explaining why facts precluding summary judgment cannot be presented. *See Eby's Mot. p. 4, citing Kansas ex rel Secretary of SRS v. Shalala,* 859 F.Supp. 484, 489 (D. Kan. 1994). Eby's counsel's affidavit fails to meet this standard. KBR objects to paragraph 4 of Eby's affidavit because it is not based on personal knowledge and constitutes speculation and inadmissible hearsay. In paragraph 4, the affiant, Eby's counsel in this case, offers hearsay regarding statements supposedly made by Eby's *Celanese* trial counsel and makes conclusory statements regarding topics on which he has no personal knowledge. For these reasons, paragraph 4 of the affidavit is inadmissible and should be stricken from the record. A review of the remaining statements in the affidavit reveals no explanation as to why Eby does not have facts necessary to respond to the motion for summary judgment. Eby simply contends without explanation that it wants one week after November 14, 2011, the very last day on which it may designate expert witnesses. Because the affidavit offered by Eby does not meet the necessary standard, Eby's Motion should be denied.

Court-ordered mediation is scheduled in this case for October 28, 2011. KBR has provided a full account of the basis for the fees it seeks with its Motion for Summary Judgment. Yet Eby seeks this Court's approval of its effort to postpone making any response to KBR's motion until after mediation   Whether this case is resolved in mediation or by a final order of this Court, it is time for Eby to respond to KBR's proof.

The purpose of summary judgment is to expedite the assessment of proof to determine whether there is a genuine issue of fact for trial—not to defer decisions to the latest possible date. Eby, however, by requesting that its response be deferred until November 21, 2011, is doing just that.

## Conclusion and Prayer

For the reasons set forth above, KBR requests that the Court require Eby to respond to its Motion for Summary Judgment now.

Respectfully submitted,

**HINKLE LAW FIRM LLC**

By: s/ David M. Rapp
David M. Rapp, #08802
301 North Main Street, Suite 2000
Wichita, Kansas 67202-4820
Telephone: (316) 267-2000
Facsimile: (316) 264-1518
E-mail: drapp@hinklaw.com

        PORTER HEDGES LLP

           **Neil Kenton Alexander**
           *Admitted Pro Hac Vice*
           **Cynthia A. Holub**
           *Admitted Pro Hac Vice*
           **Heather K. Hatfield**
           *Admitted Pro Hac Vice*
           1000 Main Street, 36th Floor
           Houston, Texas  77002
           Telephone:  (713) 226-6622
           Facsimile:  (713) 226-6222

        **Attorneys For Plaintiff,**
        **Kellogg Brown & Root LLC**

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record by facsimile, ECF service and/or certified mail, return receipt requested on the 29th day of September, 2011, as follows:

| | |
|---|---|
| Valerie L. Walker Rodriguez<br>Elenius Frost & Walsh<br>333 S. Wabash Ave., 25th Floor<br>Chicago, Illinois  60604<br>312-822-6279 telephone<br>312-817-2486 facsimile<br>Valerie.Rodriguez@cna.com<br><br>Attorneys for Plaintiffs Continental Casualty Company, National Fire Insurance Company of Hartford and Columbia Casualty Company | Daniel N. Allmayer<br>Allmayer & Associates, P.C.<br>1102 Grand Boulevard, Suite 1401<br>Kansas City, MO  64106-2315<br>816-221-2262 telephone<br>816-221-6273 facsimile<br>dna@allmayerlaw.com<br><br>Attorney for Plaintiffs Continental Casualty Company, National Fire Insurance Company of Hartford and Columbia Casualty Company |
| Bradley J. Baumgart<br>Larry D. Fields<br>Eric J. Aufdengarten<br>Kutak Rock LLP<br>1010 Grand Boulevard, Suite 500<br>Kansas City, MO 64106<br>816-960-0900 telephone<br>816-960-0041 facsimile<br>Brad.baumgart@kutakrock.com<br>Larry.fields@kutakrock.com<br>Eric.aufdengarten@kutakrock.com<br><br>Attorneys for Defendant OneBeacon Insurance Company | Mikel L. Stout<br>Jeffrey A. Jordan<br>Stephen M. Kerwick<br>Christine A. Louis<br>Foulston Siefkin LLP<br>1551 North Waterfront Parkway, Suite 100<br>Wichita, KS  67206-4466<br>316-267-6371 telephone<br>316-267-6345 facsimile<br>mstout@foulston.com<br>jjordan@foulston.com<br>skerwick@foulston.com<br>clouis@foulston.com<br><br>Attorneys for Defendant/Cross-Claimant<br>Martin K. Eby Construction Company |

| | |
|---|---|
| Randall K. Rathbun<br>Dennis L. Gillen<br>Tony L. Atterbury<br>Depew Gillen Rathbun & McInteer, L.C.<br>8301 East 21st Street North, Suite 450<br>Wichita, KS 67206-2936<br>316-262-4000 telephone<br>316- 265-3819 facsimile<br>randy@depewgillen.com<br>dennis@depewgillen.com<br><br>Attorneys for Defendant/Cross-Claimant<br>Martin K. Eby Construction Company | Donna J. Vobornik<br>Geoffrey J. Repo<br>SNR Denton US, LLP – Chicago<br>7800 Sears Tower<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL 60606<br>312-876-8000 telephone<br>312-876-7934 facsimile<br>dvobornik@sonnenschein.com<br>grepo@sonnenschein.com<br><br>Attorneys for Defendant/Cross-Plaintiffs<br><br>Travelers Casualty and Surety Company, United States Fidelity and Guaranty Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company |
| | Jason R. Scheiderer<br>SNR Denton US, LLP--KC<br>4520 Main Street, Suite 1100<br>Kansas City, MO 64111-7700<br>816-460-2418 telephone<br>816-531-7545 fax<br>jason.scheiderer@snrdenton.com<br><br>Attorneys for Defendant/Cross-Plaintiffs<br>Travelers Casualty and Surety Company, United States Fidelity and Guaranty Company, St. Paul Fire and Marine Insurance Company and |

                                              s/ David M. Rapp
                                              David M. Rapp

2516859v2