IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 08-1250-WEB-KGG |
| ONEBEACON INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, and COLUMBIA CASUALTY COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) | Case No. 08-CV-2392-CM |
| ONEBEACON INSURANCE COMPANY, Successor in interest to COMMERCIAL UNION INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY as successor to AETNA CASUALTY & SURETY COMPANY; UNITED STATES FIDELITY & GUARANTY COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY TO KBR'S RESPONSE TO EBY'S MOTION TO DEFER**

KBR has filed a six page response (Doc. 143) attempting to explain why Eby should not be given the time provided under Judge Gale's scheduling order to supply this Court with an

affidavit from Eby's expert concerning the reasonableness of the fees KBR has paid in this and the underlying litigation. KBR's response is that apparently Eby should have had a premonition that KBR would file a motion for summary judgment before expert reports were due and before the close of discovery. Eby apparently should have acted upon this premonition and obtained an expert report even prior to seeing the KBR expert report to which Eby's expert will be responding.

KBR's expert report on the issue of the reasonableness of fees is due the end of this week. KBR will apparently produce this report at the last moment–which they are, of course, entitled to do. The obvious question, though, is why has KBR waited to the end of the allowed time to file its expert report, yet attacked Eby for not foreseeing that it was going to file a motion for summary judgment on the precise issue that the experts will address.

Contrary to the arguments made by KBR, Eby's motion to defer was accompanied by the required affidavit from counsel. KBR's argument as to insufficiencies of the affidavit go only to required showings in affidavits where the movant claims more facts are needed to respond to a motion for summary judgment. Such is not the case here. Rule 56(d)(2) plainly provides that the Court can defer the motion for summary judgment until the party opposing summary judgment has "time to obtain affidavits or declarations *or* to take discovery." This is not the usual case in which the discovery deadline has passed and the party opposing the motion realizes that a required deposition was not taken. Here, the issue submitted on the motion for summary judgment is a fact issue: Are the fees reasonable? Eby's motion to defer contained the required affidavit of counsel showing why expert testimony was required and requested time to obtain it as allowed under the scheduling order.

KBR's strategy in this case has been to file its motion for summary judgment before expert reports were due and before the close of discovery. The only issue in KBR's motion for summary judgment is the issue to be addressed by the experts. KBR waited three years to file this motion for summary judgment–yet begrudges Eby the additional eight weeks it requests to allow it to utilize the expert report pursuant to the schedule ordered by the Court.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC


s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: randy@depewgillen.com
*Attorneys for Martin K. Eby Construction*


CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2011, a true and correct copy of the above and foregoing **Martin K. Eby Construction Company, Inc.'s Reply Brief in Support of Motion to Defer** was filed electronically and notice sent to:

Alicia J. Barton
Kevin M. Murphy
Colliau Elenius Murphy Carluccio Keener &
Morrow
Plaza of the Americas
600 North Pearl Street, Suite 1400
Dallas, TX 75201

3

Daniel N. Allmayer
Allmayer & Associates PC
1401 Bryant Building
1102 Grand Boulevard
Kansas City, MO 64106
*Attorneys for Plaintiffs Continental Casualty*
*Company, National Fire Insurance Company*
*of Hartford and Columbia Casualty Company*

Bradley J. Baumgart
Larry D. Fields
Andrew C. Hronek
Kutak Rock LLP
1010 Grand Boulevard, Suite 500
Kansas City, MO 64106
*Attorneys for Defendant OneBeacon Insurance Company*

Robin Stewart
Sonnenschein Nath & Rosenthal LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

Donna J. Vobornik
Geoffrey J. Repo
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago IL 60606
*Attorneys for Defendant/Cross-Plaintiffs*
*Travelers Casualty and Surety Company,*
*United States Fidelity and Guaranty*
*Company, St. Paul Fire and Marine*
*Insurance Company and Athena Assurance Company*

David M. Rapp
 Hinkle Elkouri Law Firm LLC
301 N. Main, Suite 2000
Wichita, KS 67202-4820

Neil Kenton Alexander
Cynthia A. Holub
Heather K. Hatfield
Porter & Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
*Attorneys for Plaintiff Kellogg Brown & Root LLC*

Mikel L. Stout
Jeffrey A. Jordan
Stephen M. Kerwick
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
*Attorneys for Defendant/Cross-Claimant*
*Martin K. Eby Construction Company*

            s/Randall K. Rathbun
            Randall K. Rathbun #09765