IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  08-1250-WEB |
| ONE BEACON INSURANCE COMPANY, successor in interest to COMMERCIAL UNION INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, and COLUMBIA CASUALTY COMPANY, | ) ) ) ) ) ) ) | Case No.  08-2392-WEB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ONE BEACON INSURANCE COMPANY as successor to COMMERCIAL UNION INSURANCE COMPANY; TRAVELERS CASUALTY & SURETY COMPANY as successor to AETNA CASUALTY & SURETY COMPANY; UNITED STATES FIDELITY & GUARANTY COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and MARTIN K. EBY CONSTRUCTION CO., INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Memorandum and Order

Eby Construction filed a Motion to Defer (Doc. 140), requesting additional time to

respond to KBR's Motion for Summary Judgment. Eby requests an extension of seven days past their expert disclosure date to respond, arguing their expert disclosures are necessary to adequately respond to the summary judgment motion. KBR argues the motion should be denied as Eby has failed to provide an affidavit identifying any unavailable facts needed to respond, and Eby has failed to explain why they need the expert disclosures to respond.

Eby relies on Rule 56(d): "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.Pro. 56(d). A party seeking to defer a ruling on summary judgment must provide an affidavit to "explain why facts precluding summary judgment cannot be presented." Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992), citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2740 at 530 (1983). The affidavit must identify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts to rebut the motion for summary judgment. Id. Simply stating that discovery is incomplete is insufficient, the moving party must "state with specificity how the additional material will rebut the summary judgment motion." Ben Ezra, Weinstein, and Company, Inc. v. America, 206 F.3d 980, 987 (10th Cir. 2000). If the moving party argues that additional discovery is necessary, "the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." Id.

The Scheduling Order entered in the case at hand sets forth the following deadlines:

                Expert Disclosure for KBR: October 14, 2011
                Expert Disclosure for Eby: November 14, 2011
                Discovery Deadline: December 16, 2011
                Summary Judgment Deadline: February 17, 2012

The remaining issue between the parties is the payment of attorney fees incurred in the Celanese lawsuit. In their Motion for Summary Judgment, KBR argues that $2,064,866.56 is a reasonable amount of attorney fees and expenses. KBR included three exhibits in their motion, including the declaration of an independent expert familiar with the practice of these types of lawsuits and rates charged for similar work by attorneys (Exhibit C), as well as the affidavit of lead counsel for KBR (Exhibit A). These two exhibits together number over 150 pages.

     Eby requests the Court defer their response to KBR's motion until 7 days after their expert disclosure deadline. In support of this request, Eby states that the disclosures are essential to Eby's defense on KBR's damage claim, and the evidence is necessary to rebut the expert report submitted by KBR. In the affidavit and the motion, Eby states that the fees paid by KBR in both the underlying action, and in this case, appear to be multiples of the fees paid for the defense of Eby. Eby argues that until their expert has an opportunity to review the records and the expert report, they will be unable to adequately address this issue in their response.

     Clearly, Eby is not asking for the additional time to delay the case or interrupt discovery. Eby has identified the probable facts that are not available, namely their expert's review and report on KBR's expert disclosures. Eby's expert disclosure are not due until November 14. Eby is not asking for additional time for the expert disclosure, and has adequately explained why the additional time will allow them to respond to KBR's motion. Eby has set forth sufficient facts for this court to find that Eby cannot adequately respond to the summary judgment motion without their expert disclosures. Eby's motion is granted.

IT IS THEREFORE ORDERED that Eby's Motion to Defer (Doc. 140) is granted.

IT IS FURTHER ORDERED that Eby's response to KBR's Motion for Summary Judgment is due November 21, 2011.

IT IS SO ORDERED this 20th day of October, 2011.

*[signature: Wesley E. Brown]*

                Wesley E. Brown
                Senior United States District Court Judge