# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 08-1250-WEB-KGG ) (Consolidated with Case No. )  08-2392-CM |
| ONEBEACON INSURANCE CO., *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is the "Motion for Leave to Amend its Crossclaim Against Eby and to Plead a New Alternative Counterclaim Against CNA and New Alternative Crossclaim Against Travelers" filed by Defendant OneBeacon Insurance Company. (Doc. 126.) Plaintiffs have responded in opposition, arguing that Defendant's motion fails under the standards set out by Fed.R.Civ.P. 15 and 16, as well as the most recent Scheduling Order. (Doc. 129.) After a careful review of the submissions of the parties, the Court **GRANTS** Defendants' motion.

## BACKGROUND

This extensive procedural history of this case is adequately summarized in the parties' filings (Doc. 126, at 1-4; Doc. 129, at 2-4) and incorporated by

reference herein. Central to the Court's determination of the issues relevant to this motion are the following facts.

The original deadline for filing motions to amend the pleadings expired on October 22, 2009. (Doc. 48, at 8.) Various dispositive motions were filed by the parties, resulting in the District Court's ruling on February 22, 2011. (Doc. 119.) From that point, the parties were left to litigate the remaining claims including, in part, the District Court's determination that Eby had a contractual obligation to indemnify KBR in the underlying action. This Court entered the First Amended Scheduling Order on June 28, 2011, which included a deadline of July 29, 2011, to amend the pleadings but included the qualifier that any such motions would need to meet the "good cause" standard. (Doc. 124, at 6.) The present motion was filed within that deadline.

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***,

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993).  A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

As discussed above, the First Amended Scheduling Order in this case on June 28, 2011, which included a deadline of July 29, 2011, to amend the pleadings but included the qualifier that any such motions would need to meet the "good cause" standard.  (*Id*., at 6.)  The "good cause" standard is employed when deciding motions to amend a Scheduling Order.  *See* **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Although Defendant is not seeking to amend the First Amended Scheduling Order, the Court will rely on case law applying that standard in determining the merits of Defendant's motion because of the inclusion of the "good cause" standard in the First Amended Scheduling Order.

> When the deadline for amending pleadings set in
> the scheduling order has passed, as is the case here,

3

Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.' To date, the Tenth Circuit has declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b)(4) in addition to satisfying Rule 15(a); however, in those particular cases the parties failed to raise the 'good cause' issue in the district court and raised it for the first time only on appeal.

      Notwithstanding the lack of definitive guidance from the Tenth Circuit, Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline. Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.

      To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.' 'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.' A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.

      Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of

> the court.  In exercising its discretion, the court must
> keep in mind that the Federal Rules of Civil Procedure
> are designed to facilitate decisions on the merits rather
> than on pleading technicalities.  Indeed, the Tenth Circuit
> has recognized that Rule 15 is intended 'to provide
> litigants 'the maximum opportunity for each claim to be
> decided on its merits rather than on procedural niceties.' '

***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3-4 (D.Kan. Oct. 12, 2010) (internal citations omitted).

Plaintiff's counsel argues that Defendant cannot meet this standard because it was aware of these issues prior to the District Court's Order (Doc. 119) on the various summary judgment motions.  According to Plaintiff, "the parties' allegations against each other are substantively unchanged by the judgment for KBR, and OneBeacon's claim merely relies on 'relabeling' the allegations that have always existed between the parties from the date of Eby's first filing."  (Doc. 129, at 5.)

Even assuming Defendant should have been aware of this potential for such claims prior to the expiration of deadline to amend contained in the original Scheduling Order (Doc. 48), Plaintiff cannot dispute the fact that the thrust of the claims contained in the prosed amended pleading did not become necessary until the District Court's summary judgment ruling on February 22, 2011.  The Court therefore agrees with Defendant's contention that "[t]his potential claim for

5

indemnity from the KBR judgment did not exist prior to the expiration of the original deadline to amend pleadings." As such, Defendant has established good cause for the requested amendment and the motion (Doc. 126) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of November, 2011.

                                              S/ KENNETH G. GALE
                                              Kenneth G. Gale
                                              United States Magistrate Judge