## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARTIN K. EBY CONSTRUCTION    )
COMPANY, INC., *et al.,*    )
    )
            Plaintiffs,    )
    )
vs.    )    Case No. 08-1250-WEB-KGG
    )    (Consolidated with Case No.
    )     08-2392-CM)
ONEBEACON INSURANCE CO., *et al.,*    )
    )
            Defendants.    )
_____ )

## MEMORANDUM AND ORDER

Before the Court is "Plaintiff and Defendant Eby's Motion for Leave to Amend its Answer to the Cross-claim Against it by Travelers Insurance Company in its Successor Capacities" with supporting memorandum.  (Docs. 127, 128.) Travelers has responded in opposition, arguing that Plaintiff's motion fails under the standard set out by Fed.R.Civ.P. 16 in addition to being futile.  (Doc. 130.) After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff Eby's motion.

## BACKGROUND

This extensive procedural history of this case is adequately summarized in the parties' filings (Doc. 128, at 1; Doc. 130, at 2-3) and is incorporated by

reference herein.  Central to the Court's determination of the issues relevant to this motion are the following facts.

The original deadline for filing motions to amend the pleadings expired on October 22, 2009.  (Doc. 48, at 8.)  Various dispositive motions were filed by the parties, resulting in the District Court's ruling on February 22, 2011.  (Doc. 119.) That decision, in part, held that Eby had a contractual obligation to indemnify KBR in the underlying action, which ripened an indemnity claim for coverage. Subsequently, this Court entered the First Amended Scheduling Order on June 28, 2011, which included a deadline of July 29, 2011, to amend the pleadings but included the qualifier that any such motions would need to meet the "good cause" standard.  (Doc. 124, at 6.)  The present motion was filed within that deadline.

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West,*

*Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993).  A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

### A.     "Good Cause."

As discussed above, the First Amended Scheduling Order was entered in this case on June 28, 2011.  (Doc. 124.)  It included a deadline of July 29, 2011, to amend the pleadings but included the qualifier that any such motions would need to meet the "good cause" standard.  (*Id*., at 6.)  The "good cause" standard is employed when deciding motions to amend a Scheduling Order.  *See **Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Although Plaintiff is technically not seeking to amend the First Amended Scheduling Order, the Court will rely on case law applying that standard in determining the merits of Plaintiff's motion because of the inclusion of the "good cause" standard in the First Amended Scheduling Order.

When the deadline for amending pleadings set in
the scheduling order has passed, as is the case here,

Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'  To date, the Tenth Circuit has declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b)(4) in addition to satisfying Rule 15(a); however, in those particular cases the parties failed to raise the 'good cause' issue in the district court and raised it for the first time only on appeal.

Notwithstanding the lack of definitive guidance from the Tenth Circuit, Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline.  Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.

To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.'  'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'  Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.'  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.

Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of

4

> the court.  In exercising its discretion, the court must
> keep in mind that the Federal Rules of Civil Procedure
> are designed to facilitate decisions on the merits rather
> than on pleading technicalities.  Indeed, the Tenth Circuit
> has recognized that Rule 15 is intended 'to provide
> litigants 'the maximum opportunity for each claim to be
> decided on its merits rather than on procedural niceties.' '

*Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW,

2010 WL 4004874, at *3-4 (D.Kan. Oct. 12, 2010) (internal citations omitted).

Counsel for Defendant Travelers argues that Plaintiff's brief entirely ignores

discussion of the "good cause" standard, which it contends is sufficient reason to

deny the motion.  Further, Travelers argues that Plaintiff's proposed pleading is

futile because Plaintiff "cannot recover additional defense costs it is not owed" and

Plaintiff does not have standing to bring a breach of contract claim "based on

KBR's purported contractual rights as an additional insured . . . ."  (Doc. 130, at 9.)

In regard to the latter argument, the Court does not agree that Plaintiff has

failed to address the issue of "good cause" or that good cause does not exist.

Although Plaintiff could have predicted certain claims in this case, those issues did

not ripen until the District Court's summary judgment ruling on February 22, 2011.

(Doc. 119.)  These circumstances constitute "good cause" in the Court's opinion.

Although Plaintiff did not specifically use the phrase "good cause" in its

5

memorandum, it specifically addressed these circumstances.  As such, good cause

not only exists, it has been established by Plaintiff.

**B.     Futility.**

Defendant also argues that Plaintiff's proposed amendment is futile.  Thus,

the Court must also determine whether it could withstand a motion to dismiss.  In

light of two recent Supreme Court cases, the Tenth Circuit has restated the standard

for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at

what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal
> principles involving motions to dismiss, we review de novo a
> district court's denial of a motion to dismiss a complaint under
> Federal Rule of Civil Procedure 12(b)(6) for failure to state a
> claim. *See Dias v. City and County of Denver*, 567 F.3d 1169,
> 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092
> (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210,
> 1215 (2007). "We assume the truth of all well-pleaded facts in
> the complaint, and draw reasonable inferences therefrom in the
> light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178
> (alteration added). This assumption, however, is inapplicable
> when the complaint relies on a recital of the elements of a cause
> of action supported by mere conclusory statements. *See
> Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173
> L.Ed.2d 868 (2009).
>
> *     *     *     *
>
> In reviewing a motion to dismiss, it is important to
> note "Federal Rule of Civil Procedure 8(a)(2) provides
> that a complaint must contain 'a short and plain statement
> of the claim showing that the pleader is entitled to relief.'

6

" *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " Id. at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).

On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).

In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test

7

> for whether a complaint meets the requirements of
> Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for
> assessing whether it is legally sufficient to state a claim
> for which relief may be granted.

*Phillips v. Bell*, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010).  The

burden is on Defendant to establish the futility of Plaintiff's proposed amendment.

*Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D.

Kan. May 12, 2006).

　　As stated above, Defendant argues that the proposed amendment is futile

because Plaintiff "cannot recover additional defense costs it is not owed" and

Plaintiff does not have standing to bring a breach of contract claim "based on

KBR's purported contractual rights as an additional insured . . . ."  (Doc. 130, at 9.)

While these claims may, in fact, fail to survive a subsequent dispositive motion, the

Court agrees with Plaintiff's contention that it would be premature to foreclose

these claims prior to the parties engaging in appropriate and relevant discovery.

(*See* Doc. 135, at 4.)  As such, the Court, in it's sound discretion, holds that these

indemnification issues would be better adjudicated through a motion to dismiss or

a motion for summary judgment as opposed to Plaintiff's motion to amend.

Plaintiff's motion is, therefore, **GRANTED**.  The amended pleading shall be filed

in the form attached to the motion on or before **December 5, 2011**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of November, 2011.

 s/ Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge