# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC. )<br>             Plaintiff, )<br>  )<br>      v. )<br>  )<br>ONEBEACON INSURANCE CO., )<br>successor to COMMERCIAL UNION )<br>INSURANCE COMPANY, )<br>  )<br>            Defendant. )<br>_____ ) | Case No.: 08-1250-MLB-KGG<br>(Consolidated with Case No.<br>08-CV- 2392-MLB-KGG) |
| CONTINENTAL CASUALTY CO., )<br>NATIONAL FIRE INSURANCE CO. )<br>OF HARTFORD as successor by merger )<br>with Transcontinental Insurance Company, )<br>and COLUMBIA CASUALTY CO., )<br>  )<br>             Plaintiffs, )<br>  )<br>      v. )<br>  )<br>ONE BEACON INSURANCE COMPANY )<br>as successor to COMMERCIAL UNION )<br>INSURANCE COMPANY; TRAVELERS )<br>CASUALTY AND SURETY COMPANY, )<br>UNITED STATES FIDELITY & )<br>GUARANTY COMPANY; ST. PAUL FIRE )<br>AND MARINE INS. CO; ATHENA )<br>ASSURANCE COMPANY; MARTIN K. )<br>EBY CONSTRUCTION CO., INC; and )<br>KELLOGG BROWN & ROOT LLC, )<br>  )<br>             Defendants. )<br>_____ ) | Case No.: 08-2392-MLB-KGG |

# ORDER ON TRAVELERS DEFENDANTS' MOTION TO COMPEL

Before the Court is the "Motion to Compel Discovery from Kellogg, Brown & Root, LLC" (hereafter "KBR") filed by Defendants Travelers Casualty and Surety Company, United States Fidelity & Guarantee Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company (hereafter collectively referred to as "Travelers"). (Doc. 190).

## BACKGROUND

This consolidated matter consists of two distinct cases. The substance of both cases was summarized in the District Court's February 2011 Memorandum and Order on partial summary judgment:

> Eby filed case 08-1250 alleging breach of insurance contract, arguing that OneBeacon breached its obligations under the insurance policy in failing to make payment to Eby and KBR in a lawsuit in the Southern District of Texas (hereafter underlying suit). Eby requests relief in the form of a judicial finding that OneBeacon provides primary liability coverage for claims asserted by Celanese, the plaintiff in the underlying suit.
>   Case 08-2392 is a construction contract case. The plaintiffs request declaratory judgment regarding whether certain insurance policies provide coverage to Eby in the underlying suit. The cases were consolidated. Travelers filed a cross-claim against Eby, requesting declaratory judgment for the purposes of determining the actual controversy between the parties and the rights and legal relations of insurance contracts issued to Eby; as well as a cross-claim against Eby for recoupment of defense

> costs in the underlying suit. OneBeacon filed a cross-claim against Eby to determine the rights and obligations of the parties under the contract. Travelers filed a motion for KBR to be joined as a Defendant. Thereafter, Travelers amended their answer to include cross-claims against KBR .

(Doc. 119, at 2.)

The extensive procedural history of this case is adequately summarized in that District Court Memorandum and Order (Doc. 119, at 2-5). The parties also summarized the case's background in their filings relating to the present motion (Doc. 191, at 2-6; Doc. 204, at 3-6). These summaries are incorporated by reference herein.

Central to the Court's determination of the issues relevant to this motion are the following facts. Kellogg Brown & Root LLC ("KBR") filed its counterclaim for declaratory judgment and breach of contract against Travelers on April 6, 2009. (Doc. 27.) The Travelers Defendants ("Travelers") collectively served their first discovery requests on KBR October 8, 2009, which contained 21 interrogatories. (Doc. 62.)

KBR filed a partial motion for summary judgment and Eby filed a cross-motion for summary judgment, resulting in the District Court's ruling on February 22, 2011. (Doc. 119, *supra*.) That decision, in part, held that Eby had a contractual obligation to indemnify KBR in the underlying action, which ripened

an indemnity claim for coverage. The case was effectively stayed during the pendency of these dispositive motions. After the District Court's ruling, this Court entered the First Amended Scheduling Order on June 28, 2011, which included a fact discovery deadline of December 16, 2011, and placed a limit of 25 interrogatories for each party to serve. (Doc. 124, at 2, 3.)

Travelers served its Second Set of Interrogatories and first Set of Requests for Admission on KBR on October 6, 2011. (Doc. 145.) The discovery contained an additional 22 interrogatories from Travelers to KBR. These interrogatories are at the center of Travelers' motion to compel.

## DISCUSSION

The discovery disputes at issue in this motion to compel can be categorized as follows: 1) whether the 25 interrogatories limit set in the Scheduling Order has been exceeded, and 2) the substance and sufficiency of KBR's objections and responses. Both categories will be addressed in turn.

**A.   Objection to the Number of Interrogatories**.

The first issue raised in Travelers' motion to compel relates to KBR's objection that the limit of 25 interrogatories set in the Scheduling Order has been exceeded. These four insurance companies have participated in this case as a single party (referring to themselves collectively "Travelers"). As mentioned above, they issued a joint set of 21 interrogatories in October 2009. (Doc. 62.)

The Second Set of Interrogatories, which is at the heart of the present motion, contains 22 more interrogatories.

KBR objects that because Travelers chose to issue discovery as a group, they are each charged with the each set, thus exceeding the limit. (Doc. 191-4, at 2.) Travelers contends that because they could each have issued 25 interrogatories separately, the four insurance companies can collectively issue 100. (Doc. 191, at 6.)

Ideally, the parties would have clarified in their Rule 26(f) planning report whether the limit of 25 interrogatories for the aligned parties was intended to be individual or inclusive. This Court has found no case law resolving this issue. Regardless, the Court holds that when parties elect to file jointly, they are each charged for the interrogatories. Therefore, KBR is correct in its contention that Travelers has exceeded the limit set out in the Scheduling Order.

The Court will, however, interpret Travelers' plea regarding the need to issue these interrogatories as a request to serve additional interrogatories under Fed.R.Civ.P. 33(a)(1). The Court acknowledges that Travelers did not make this request in an appropriate motion for additional discovery or to modify the Scheduling Order. Even so, in the spirit of judicial economy, the Court will exercise a certain amount of latitude because of the uncertainty of this issue.

Further, the Court agrees that the additional discovery is necessary following

the District Court's Order on the parties' dispositive motions.  Judge Brown's Order granting partial summary judgment in favor of KBR against Eby Construction substantively changed the case.  (*See* Doc. 119.)  As such, Travelers is entitled to discovery to determine the basis for KBR's claim that Travelers must indemnify Eby for KBR's claim against Eby.  Thus, the Court will exercise its discretion regarding discovery, **overrule** KBR's objection to the number of interrogatories served, and allow the additional interrogatories.

### B. Objections to Interrogatories.

KBR's responses and objections to Travelers' interrogatories can be grouped into two categories: 1) that the interrogatories were overbroad, unduly burdensome and/or sought irrelevant information, and 2) that KBR met its duty to respond to the interrogatories by relying on the option to produce records in conjunction with Fed.R.Civ.P. 33(d).  Simply stated, the Court is not satisfied with KBR's efforts in either regard.

In a nutshell, KBR argues that the facts of the case at bar are controlled by other rulings at the underlying trial of the Celanese lawsuit in Texas as well as by the District Court's ruling on summary judgment in this case.  (*See* Doc. 204, at 7-9; Doc. 119).  While some of the facts in this case have been determined, at least by the District Court's ruling, the question remaining is whether the insurance contract between Eby and Travelers provides coverage for KBR's claims against

Eby. As such, Travelers is entitled some detailed understanding of how KBR puts the coverage provisions and exclusions and the facts of the case together to make that claim. As discussed below, KBR's responses and objections to Travelers' interrogatories provide little, if any, information in this regard and are insufficient.

 1. **Relevance objections (Interrogatories Nos. 4-7, 9-11)**.

In response to Interrogatories Nos. 4-7, 9-11, KBR has lodged some combination of the standard objections that the discovery requests are overly broad, irrelevant, and/or not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 191-2, at 4-11.) Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Courts of this District have long held that "'[d]iscovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI*

*Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995). Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id.*, 650. "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of

explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."  *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).

The objections contained in KBR's underlying discovery responses are the epitome of boilerplate objections.  KBR provides little or no explanation as to why it finds any of the interrogatories to be overbroad, burdensome, irrelevant, or not reasonably calculated.  (*See* Doc. 191-2, at 3-13.)  In response to the Motion to Compel, however, KBR has been somewhat more forthcoming.  KBR contends that the interrogatories seek irrelevant information about claims that failed to be proven against it in the "Underlying Celanese Lawsuit."[1]  (Doc. 204, at 7, 11.)

The Court does not agree that the requested information is irrelevant. Rather, Interrogatories Nos. 4-7, 9-11 seek information that is directly related to the declaratory judgment indemnity claim KBR brought against Travelers.  (*See* Doc. 28, at 18-20.)  As such, KBR's relevance objections to Interrogatories Nos. 4-

---

[1] It should be noted that by failing to discuss the burdensome objection to these interrogatories in its responsive brief, KBR has waived these objections. *McFadden v. Corrections Corp. of America*, Case No. 09-2273-EFM-KGG, 2012 WL 555069, at *6 (D. Kan. Feb. 21, 2012).

7 and 9-11 are **overruled** and Traveler's Motion to Compel is **GRANTED** in regard to these Interrogatories.

2.      **Option to produce records (Interrogatories Nos. 1-3, 12-16)**.

In response to Interrogatories Nos. 1-2, 12-16,[2] KBR raises certain objections,[3] then refers Travelers to pleadings filed in the "Underlying Celanese Lawsuit" as well as pleadings and "documents previously produced in this lawsuit." (*See* Doc. 191-2, Doc. 204, at 10.) KBR is attempting to rely on the option to produce business records provision Federal Rule of Civil Procedure 33(d):

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1)     specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

---

[2] The Court notes that KBR did not raise any objections in response to Interrogatory No. 3. Even so, the Court finds that KBR's response to Interrogatory was insufficient as it merely directed Travelers to "pleadings in the Underlying Suit and all Travelers Policies." (Doc. 191-2, at 4.)

[3] Because KBR's brief ignores the underlying "overbroad and unduly burdensome" objections it raised in response to Interrogatories Nos. 1-2, these objections are deemed waived.

> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed.R.Civ.P. 33(d).

KBR argues that its use of the business records option is appropriate because "the burden on both parties to determine the answer to Interrogatories Nos. 1-2 and 12-16 is substantially the same for Travelers and KBR . . . ." (Doc. 204, at 10.) This is incorrect, especially as the interrogatories in question (such as Interrogatory No. 1 relating to KBR's reasons for denying Travelers' Requests for Admissions) ask KBR to relate facts to its contentions and positions in this case.

Further, KBR has failed to adequately comply with the provisions of subsection (1) of Rule 33 by not "**specifying the records that must be reviewed, in sufficient detail** to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d)(1) (emphasis added). KBR has generally directed Travelers to "documents produced in this case," "pleadings in the Underlying Suit," "KBR's Motion for Summary Judgment and Memorandum in Support . . . and all time and expense records and invoices produced in this case," and "all documents, discovery pleadings and motions in the Underlying Suit." (*See* Doc. 191-2.) To say these responses are inadequate is an understatement.

KBR's responses thoroughly lack *any* specificity or sufficient detail whatsoever. Instead, KBR apparently thinks it is appropriate to generally direct Travelers to 1.6 million documents, inferring that Travelers peruse those materials to determine its own answers. This will not suffice. ***Heartland Surgical Specialty Hosp., LLC V. Midwest Div., Inc***., 2007 WL 756631, at n.8 (D. Kan. March 8, 2007) (citing ***DIRECTV, Inc. v. Puccinelli***, 224 F.R.D. 677, 680–81 (D.Kan.2004) (holding that a plaintiff "may not merely refer Defendants to other pleadings or its disclosures hoping that Defendants will be able to glean the requested information from them")). KBR's "generic reference to prior disclosures it may have made falls far short of providing the detail required by this subsection." ***Heartland***, 2007 WL 756631, at n.8. Traveler's motion is, therefore, **GRANTED** in regard to Interrogatories Nos. Nos. 1-3, and 12-16.

### 3. "Assumes facts not in evidence" (Interrogatories Nos. 12-13).

In response to Interrogatories Nos. 12-15 regarding costs and expenses incurred by KBR "prior to notice to Travelers on January 30, 2009," KBR objects that this "assumes facts not in evidence, *i.e.* that the first notice Travelers had of the Underlying Celanese Lawsuit was January 30, 2009." (Doc. 204, at 11.) KBR contends that Travelers was aware of the claim against KBR as early as August 2008. (*Id*; *see also* Doc. 204-2, at 2-3.) In KBR's responses to Travelers' first set

of interrogatories, however, KBR specifically identifies January 30, 2009, is the date on which it provided notice to Travelers. (Doc. 191-5, at 3.) KBR's objection is, therefore, **overruled**.

  4. **General objections**.

KBR introduced its responses to Travelers' interrogatories with four "General Objections," followed by a fifth which incorporates those objections into each discovery response.[4] (Doc. 191-2, at 3.) Objections Nos. 1 - 2 object to any request "to the extent" it requires or requests information beyond the Federal Rules of Civil Procedure. No. 3 objects "to the extent" the interrogatories seek information "covered by the attorney-client privilege, work product doctrine, or any other applicable privileges or immunity." *Id*.

These type of objections are, at best, worthless and improper. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 660-61 (D. Kan. 2004). "Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery." *Id*. At worst, such an objection leaves the discovery proponent unsure whether or not the objection

---

 [4] Objection No. 4 relates to the issue of whether Travelers exceeded their 25 interrogatory limit, discussed in Section A, *supra.*

13

correlates to withheld information. These general objections are, therefore, **overruled**.

**IT IS THEREFORE ORDERED** that Travelers' Motion to Compel (Doc. 190) is **GRANTED**. KBR shall provide supplemental discovery responses consistent with the terms of this Order on or before April 19, 2012.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 29th day of March, 2012.

                              S/ KENNETH G. GALE
                              KENNETH G. GALE
                              United States Magistrate Judge